# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**CHARLES E. CHRISTOPHER**                                              **PLAINTIFF**

v.                                   No. 4:23-cv-00241-LPR

**COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION**                                               **DEFENDANT**

## ORDER

Before the Court is Plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).[1] Plaintiff requests an award of $7,439.75, representing fees for 30.25 hours of work performed during the years 2023 and 2024, at hourly rates of $245 in 2023 and $251 in 2024. Plaintiff has submitted information from the U.S. Department of Labor's Consumer Price Index (CPI) as support for the hourly rates requested.[2] The Commissioner has filed a response.[3] The Commissioner concedes that a fee award is proper and does not oppose the hourly rates requested, but he does object to the number of hours expended on this case. For the reasons discussed below, Plaintiff's motion is GRANTED in part.

Under the EAJA, a prevailing social security claimant is entitled to an award of reasonable attorney fees and expenses unless the Court determines that the Commissioner's position was "substantially justified" or special circumstances would make an award unjust.[4] After carefully reviewing the parties' submissions and the record in this case, the Court finds that Plaintiff is entitled to an attorney fee award pursuant to the EAJA.

---

[1] Pl.'s Mot. for Att'y Fees (Doc. 16).

[2] *See* Docs. 16-2, 16-3, 16-4.

[3] Def.'s Resp. in Opp'n (Doc. 19).

[4] 28 U.S.C. § 2412(d)(1)(A).

On March 29, 1996, the statutory ceiling for EAJA fee awards was set at $125 per hour, and attorney fees cannot exceed this hourly rate unless the Court determines that a higher fee is justified based on an increase in cost of living or another special factor.[5] The decision to increase the hourly rate is not automatic and remains at the discretion of the district court.[6] The Eighth Circuit has stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees" in excess of the statutory ceiling, such as a copy of the Consumer Price Index.[7] Use of the CPI "should result in consistent hourly fee awards in each case, rather than producing disparate fee awards from each court within the district or from different districts within this circuit."[8] Plaintiff has demonstrated that the CPI justifies a higher hourly rate, and the Defendant does not oppose the hourly rates requested.[9] The Court finds that the requested hourly rates are reasonable.

Plaintiff's counsel has requested payment for 25.50 hours of attorney work in 2023 and 4.75 hours of attorney work in 2024. Defendant contends that a reduction in hours is warranted. First, the Commissioner "suggests a reduction from 2.6 to 1.0 (2023) hours for time prior to filing the complaint and *in forma pauperis* (IFP) application."[10] The only support provided for this objection is a citation to an earlier case where this Court reduced "excessive and largely clerical" hours spent on IFP and service of process tasks.[11] The Court has reviewed the contested entries

---

[5] *Id*. § 2412(d)(2)(A).

[6] *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir.1989).

[7] *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

[8] *Id*.

[9] Def.'s Resp. in Opp'n (Doc. 19) at 1.

[10] *Id*. at 2. Specifically, the Commissioner challenges entries dated 1/28/23, 1/31/23, 2/7/23, 2/9/23, 2/22/23, and 3/17/23.

[11] *Id*.

in this case and finds that only two of the entries identified do not represent time reasonably spent on this litigation. The billing entry from 2/7/23, which concerns attorney-client correspondence about the IFP application, is duplicative of the 1/31/23 billing entry concerning the same. And the billing entry from 3/17/23, which concerns preparing the IFP application for FedEx delivery, is indeed clerical and thus not compensable.[12] The Court will accordingly reduce the 2023 attorney hours requested for these entries by 0.50 hours.

Second, the Commissioner "suggests a reduction from 0.55 to 0.25 (2023) hours related to the Commissioner's notice of appearance and extension motion, as this time is excessive for menial tasks."[13] The Court has reviewed the challenged entries and agrees that these entries are duplicative and somewhat excessive. The Court therefore finds that a reduction of 0.30 hours is warranted.

Third, the Commissioner "suggests a reduction from 20.5 to 15.0 (2023) hours for time related to the preparation of Plaintiff's brief."[14] Although the Commissioner acknowledges that there is prior caselaw in this district finding that 15–20 hours is a reasonable amount of time to spend writing a brief, he suggests that the requested hours should be reduced to the low end of this average because "[t]his case involved an attorney with many years of experience with social security appeals who handled the case at the administrative level, a relatively short administrative record (594 pages), and standard issues[.]"[15] But the 20.5 hours requested for briefing does not strike the Court as obviously unreasonable in this instance. The brief prepared was thorough and

---

[12] *See Granville House, Inc. v. Dept. of HEW*, 813 F.2d 881, 884 (8th Cir. 1987) (holding that work which could have been completed by support staff is not compensable under the EAJA).

[13] Def.'s Resp. in Opp'n (Doc. 19) at 3. Specifically, the Commissioner challenges billing entries dated 5/17/23, 5/23/23, and 6/12/23.

[14] *Id*.

[15] *Id*.

cited extensively to the medical evidence in the record. Any reduction the Court could make to counsel's briefing hours would be applied arbitrarily. Thus, the Court will not make any reductions to the hours spent preparing Plaintiff's brief in this matter.

Fourth, the Commissioner "suggests that the Court not award compensation for Plaintiff's 0.75 hours on 2/9/24 and 2/14/24 concerning Defendant's lack of objection to the Magistrate Judge's Recommended Disposition and phone discussion with client, as these were non-events."[16] It is clear that at least part of the 0.50 hours billed on 2/9/24 concerned an "explanation of [the Magistrate Judge's] decision" after the Recommended Disposition was entered.[17] But the prior (unchallenged) billing entry of 1/22/24 had already logged a full hour for the attorney's review of the simple nine-page decision and two cases cited within that are several years old. The Court finds that only half of this time was reasonably spent on furthering the litigation of this case. Therefore, the Court will reduce the requested hours for the 1/22/24 and 2/9/24 entries by 0.75 hours.

As for the challenged 2/14/24 billing entry, because it does not explain what the phone discussion with Plaintiff was about, and because the subject of the call is not otherwise apparent from reviewing the timeline of litigation, the Court cannot assess its reasonableness and will thus reduce the requested 2024 hours by another 0.25 hours.

Fifth, and finally, "the Commissioner suggests a reduction from 2.0 to 1.5 (2024) hours for time spent preparing the EAJA petition," which is in line with a prior award this Court granted to Plaintiff's counsel.[18] In the case cited by the Commissioner, the Court found that "[i]dentical

---

[16] *Id.*

[17] Doc. 16-1 at 5.

[18] Def.'s Resp. in Opp'n (Doc. 19) at 4.

filings are routinely prepared in the course of counsel's practice.  Very few changes needed to be made, and the only truly unique portion was the itemization of time that was expended."[19]  Similar circumstances govern this case, and the Commissioner's objection is well-taken.  The Court will reduce this entry by 0.50 hours.

Based on the above, the undersigned awards Plaintiff attorney fees under the EAJA for 24.70 (25.50 minus 0.80) hours in 2023 at an hourly rate of $245 and 3.25 (4.75 minus 1.50) hours in 2024 at an hourly rate of $251.  Plaintiff is thus awarded $6,867.25 in attorney fees pursuant to the EAJA.  Consistent with the Commissioner's usual procedure in light of *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), payment of the fees should be issued by check to the order of Plaintiff, in care of his attorney, and mailed directly to Plaintiff's attorney.

IT IS SO ORDERED this 6th day of November 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[19] *Id.*